IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ANTONIO ANTHONY,**

    Petitioner,

vs.                                                   Case No. 4:14cv148-RH/CAS

**JULIE L. JONES, Secretary,**
**Florida Department of Corrections,**[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On March 9, 2014, Petitioner Antonio Anthony, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc 1. Petitioner challenges the conviction and sentence imposed by the Second Judicial Circuit Court, Leon County, on March 20, 2012, following a jury trial. *Id.* at 1–2. Respondent filed a motion to dismiss the § 2254 petition, with exhibits, arguing this Court does not have jurisdiction over three of the grounds raised in the petition and, further, the petition contains both

---

[1]The Clerk of Court shall substitute Julie L. Jones as Secretary of the Florida Department of Corrections in place of Michael D. Crews. Julie L. Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

exhausted and unexhausted claims. Doc. 17 at 11-12. Petitioner has filed a reply. Doc. 18. Petitioner has also filed a supplement to his reply. Docs. 19, 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and the § 2254 petition should be denied.

## State Court Proceedings

By amended information filed November 4, 2011, in the Second Judicial Circuit, Leon County, in case number 2011-CF-1411, the State of Florida charged Petitioner Antonio Anthony with grand theft of a motor vehicle in violation of section 812.014, Florida Statutes. *See* Doc. 17 Ex. H at 53; Doc. 3 at 43. It appears Petitioner was also charged with tampering with a witness, false imprisonment, and battery. *See* Doc. 3 at 6-7.

Before Petitioner's case went to trial, he filed several pro se motions in the state trial court. Doc. 17 at 4.[2] In one of those filings, a petition for habeas corpus filed in the civil division on December 14, 2011, Petitioner asserted he was held illegally based on

---

[2] On October 18, 2011, Petitioner filed a pro se demand for a speedy trial which was denied on November 8, 2011. Doc. 17 Ex. B, C. On November 8, 2011, Petitioner filed a pro se motion to discharge which the trial court took no action on because he was represented by counsel. Doc. 17 Ex. D.

Case No. 4:14cv148-RH/CAS

hearsay, and the State was issued an order to show cause. Doc. 17 Ex. F, G. The State responded and stated Petitioner's habeas corpus petition did not belong in the civil division. Doc. 17 Ex. H. On January 24, 2012, the trial court rescinded the order to show cause, and transferred the petition to the criminal case file. Doc. 17 Ex. I. Petitioner also filed multiple pro se pretrial motions in the First District Court of Appeal (DCA), which that court denied. Doc. 17 at 6.[3]

On March 20, 2012, Petitioner proceeded to trial, and the jury found him guilty of grand theft auto; the jury was hung as to the count of felony battery; and found him not guilty of the other counts. Doc. 3 at 6-7, 48. The court adjudicated him guilty of grand theft auto and sentenced him to six years' incarceration. Doc. 1 at 1.

On January 4, 2013, Petitioner, through counsel, appealed the conviction and sentence. *See* online docket for case no. 1D13-59 at www.1dca.org. On December 11, 2013, the First DCA per curiam affirmed, without a written opinion, the conviction and sentence. *Id.* On January 7, 2014, the court issued its mandate. *Id.* Thereafter, Petitioner did not file any rule 3.850 motions or other post-conviction motions or petitions in state court. *See* Doc. 1 at 4–5; Doc. 17 at 7.

As indicated above, Petitioner filed his § 2254 petition in this Court on March 9, 2014. Doc. 1. Petitioner raises eight grounds:

---

[3] On October 31, 2011, Petitioner filed a petition for writ of prohibition, and on January 27, 2012, the petition was dismissed. Doc. 17 Ex. R. On November 21, 2011, Petitioner filed for a petition for writ of habeas corpus, and on February 15, 2012, the First DCA per curiam denied the petition. Doc. 17 Ex. Z. On March 15, 2012, Petitioner filed another petition for habeas corpus in the First DCA, which was denied on April 13, 2012. Doc. 17 Ex. EE.

(1)  "Lack of jurisdiction of the court to enter the judgment or impose sentence. *Id.* at 4;

(2)  "Conviction obtained by a violation of the protection against of double jeopardy. No jurisdiction to prosecute." *Id.*;

(3)  "On 3-15-12, Petitioner addressed Judge Mark Walker and conflict counsel at his pre trial hearing of both courts finding and opinion." *Id.* at 5;

(4)  "Petitioner claim his immediate release on 12-12-12 before Judge Johnson in courtroom 2-B. Conflict counsel stated to Judge Johnson Anthony is awaiting sentencing. To hinder Anthony release." *Id.*;

(5)  "All parties involved or by their attorneys were notified of DCA opinion, not to be prosecuted." *Id.* at 7;

(6)  "The verdict of grand theft auto were not animous [sic] verdict by all six jurors. Only juror 1 requested to be strike doing jury selection," *Id.*;

(7)  "Whereas the amended child abuse violates Anthony's 1st dependency case and trial held on Dec. 15, 2011. Anthony were taken to a dependency trial before Judge Dawn Coloca Johnson were promoted into criminal court and ruleing (sic) of final judgment in Anthony's favor concerning custody," *Id.* at 7–8; and

(8)  "Mr. Anthony, has been violated of his equality, whereas Anthony's copy of DCA court opinion mailing date: 3-12-12 to 1 Mr. Anthony, not to be prosecuted. Is why the circuit court and state attorney, taken Anthony to trial and prosecuted and disregarded (DCA) court opinion and circuit Judge Carroll of civil division finding Anthony has stated a prima facie case for habeas relief." *Id.* at 8.

Respondent filed a motion to dismiss the petition. Doc. 15. After direction from this Court, Doc. 16, Respondent filed an amended motion to dismiss, with attached exhibits, Doc. 17. Petitioner has filed a reply. Doc. 18.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant relief unless the state court's adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which

demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.

"Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction." Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351 (11th Cir. 2012); see 28 U.S.C. § 2254(b)-(c). "For a federal claim to be exhausted, the petitioner must have 'fairly presented [it] to the state courts.'" Lucas, 682 F.3d at 1351 (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)). "The exhaustion requirement is grounded in principles of comity and reflects a desire to protect state courts' role in addressing alleged violations of state prisoners' federal rights." Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007). "Although the exhaustion requirement is not jurisdictional, there is a 'strong presumption in favor of requiring the prisoner to pursue his available state remedies.'" Id. (quoting Castille v. Peoples, 489 U.S. 346, 349 (1989)). Thus, "[t]he AEDPA requires a state prisoner to exhaust all available state court remedies, either on direct appeal or in a state post-conviction proceeding, 28 U.S.C. § 2254(b)-(c), thereby giving the state the opportunity to correct its alleged violations of federal rights." Pearson v. Sec'y, Dep't of Corr., 273 F. App'x 847, 849 (11th Cir. 2008) (citing Baldwin v. Reese, 541 U.S. 27, 29 (2004)).

**Respondent's Motion to Dismiss**

In this case, in the motion to dismiss, Respondent indicates Anthony has raised nine grounds. Doc. 17 at 1-3. The first eight grounds Respondent lists appear substantially the same as those set forth above. *Compare id. with* Doc. 1 at 4-8. The ninth ground listed by Respondent does not have an apparent source.

Regardless, Respondent argues that Anthony's petition contains both exhausted and unexhausted claims and is, therefore, a mixed petition. Doc. 17 at 9. Respondent indicates Anthony's claim of ineffective assistance of counsel (identified by Respondent as Ground 4) was not exhausted. *Id.* at 8-9. Respondent points out that mixed petitions must be dismissed without prejudice to allow a petitioner to pursue his state court remedies on the unexhausted claim(s) or petitioner should be allowed the opportunity to withdraw the unexhausted claim(s) so that his federal habeas petition my proceed. *Id.* at 9; *see* Rose v. Lundy, 455 U.S. 509, 522 (1982). Respondent further asserts, however, that if Petitioner Anthony dismisses this § 2254 petition, "no time remains in the one-year [AEDPA] period at this point, [and] if Anthony chooses to exhaust his ineffective assistance of counsel claim in state court rather than withdraw Ground four from this federal petition, Anthony may not be able to file a timely subsequent petition." Doc. 17 at 10-11.

Respondent further argues Grounds 1, 2, 6, and 8 (and 9) "were not addressed in Anthony's direct appeal even though they contained arguments which should have been raised on direct appeal" and "[a]s a result, even though those claims were not properly exhausted, they were technically exhausted." Doc. 17 at 11. Respondent cites

no authority, nor does Respondent attach a copy of the briefs filed in Anthony's direct appeal.

Respondent argues Ground 3, 5, and 7 should be stricken from the § 2254 petition because the Court does not have subject matter jurisdiction to consider them. Doc. 17 at 11-12. Respondent, citing 28 U.S.C. § 2254(a), asserts none of these grounds "were related to Anthony's custody" and "there is no remedy that would be available in this Court."

### Ground 1: Trial Court Lacked Jurisdiction

Petitioner claims in his first ground for relief the trial court lacked jurisdiction to enter judgment or impose sentence against him. Doc. 1 at 4. Petitioner asserts in his supporting facts for the claim, "Petitioner filed petition on 11-21-11. Circuit Judge: Kevin J. Carroll find Anthony has stated a prima facie case for habeas relief. On 12-22-11, lack of jurisdiction over subject matter. Judge of whom signed probable cause affidavit in case no 11-cf-1411, were not decorum in proceedings of judicial duties." *Id.* Although Petitioner raised his claim in a pre-trial motion, he did not raise it thereafter in state court and thus has failed to exhaust it. Tooten v. Shevin, 493 F. 2d 173, 175–77 (5th Cir. 1974) (holding that pretrial petition for writ of prohibition in Florida Supreme Court does not satisfy exhaustion requirement). A petitioner who submits a pre-trial extraordinary writ, and has not allowed the case to go to trial or through the state appellate process, fails to satisfy the exhaustion requirement. Pitchess v. Davis, 421 U.S. 482, 489 (1975) (explaining denial of pretrial application for writ of prohibition does not bar raising same points on post-trial direct appeal).

Case No. 4:14cv148-RH/CAS

Even assuming Petitioner had exhausted state remedies, the claim lacks merit. Florida state courts having criminal jurisdiction may issue writs and process necessary to the exercise of criminal jurisdiction, and the writs and processes shall have effect through the State. § 900.03(2), Fla. Stat. (2001). The State of Florida properly charged Petitioner by information, pursuant to section 923.03(1), Florida Statutes, with committing acts in violation of sections 812.014, 784.03(2), and 827.03(1), Florida Statutes. Doc. 3 at 43–44. The State of Florida retained jurisdiction over Petitioner throughout the proceedings because the crimes charged were in violation of multiple sections of Florida Statutes. Doc. 3 at 43; § 900.03(2), Fla. Stat. (2001). Therefore, Petitioner's claim in Ground 1 lacks merit and should be denied.

## Ground 2: Double Jeopardy

In his second ground, Petitioner asserts his conviction was obtained by a violation of the protection against double jeopardy and the court had no jurisdiction to prosecute. Doc. 1 at 4. In support of his position, Petitioner claims the warrants for his arrest were not supported by the probable cause affidavit because they were based on hearsay. *Id.* at 5. Petitioner states as supporting facts: "Petitioner filed his motion to prohibition on 11-23-11… dispose of by opinion on 12-of-2011." *Id.* at 4.

Again, as with ground 1, nothing indicates Petitioner raised this claim in state court and, therefore, he did not exhaust it. Even assuming Petitioner had exhausted state remedies, however, the claim lacks merit. The Double Jeopardy clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments

for the same offense.  <u>North Carolina v. Pearce,</u> 395 U.S. 711, 717 (1969).  Petitioner's claims and supporting facts do not implicate any of the three abuses set forth in <u>North Carolina v. Pierce</u>.  Rather, Petitioner appears to simply disagree with the December 2011 denial of his pretrial "motion to prohibition."  Petitioner's claim in Ground 2 lacks merit and should be denied.

### Grounds 3, 5, 7, and 8

Even assuming the Court considers the claims raised in Grounds 3, 5, 7, and 8, they are grounded in state law and should be denied.  In particular, Grounds 3, 5, and 8 appear to concern the order to show cause issued by the state trial court civil division in response to Petitioner's habeas corpus petition. Doc. 3 at 49.  In his third ground, Petitioner states, "On 3-15-12. Petitioner addressed Judge Mark Walker and conflict counsel at his pretrial hearing of both courts finding and opinion."  Doc. 1 at 5.  It appears Petitioner claims prejudice and bias due to the fact conflict counsel stated to Judge Walker the order to show cause was rescinded because there were other charges.  *Id.*  In Petitioner's fifth ground for relief, he states, "All parties involved or by their attorneys were notified of DCA opinion, not to be prosecuted," *Id.* at 7.  In Petitioner's eighth ground for relief, he states "Mr. Anthony, has been violated of his equality, whereas Anthony's copy of DCA court opinion mailing date: 3-12-12 to 1 Mr. Anthony, not to be prosecuted. Is why the circuit court and state attorney, taken Anthony to trial and prosecuted and disregard DCA court opinion and circuit Judge Carroll of civil division finding Anthony has stated a prima facie case for habeas relief," *Id.* at 8.

A habeas petition grounded on issues of state law provides no basis for habeas relief.  Carrizales v. Wainwright, 699 F. 2d 1053, 1054-55 (11th Cir. 1983); Engle v. Isaac, 456 U.S. 107, 119 (1982) (stating a violation of a state rule of procedure or of a state law is not itself a violation of the federal constitution); Wallace v. Turner, 695 F. 2d 545, 548 (11th Cir. 1983); Branan v. Booth, 861 F. 2d 1507, 1508 (1988).  Petitioner must show his custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).

This is a state-law issue of whether the state court properly transferred the petition from the civil division to the criminal case file.  The Second Judicial Circuit stated in its Order Rescinding Order to Show Cause and Transferring to Criminal File:

> Although Petitioner filed a petition for writ of habeas corpus, the issues raised in his petition challenge the prosecution of his current pending criminal case.  This court is not the proper jurisdiction for such an action and the civil case was opened in error.  When it is apparent that a petition for habeas corpus has been filed in the wrong court, the preferred practice is to transfer the petition to the proper court.  See Bush v. State, 945 So. 2d 1207 (Fla. 2006).

Doc. 17 Ex. I.  The state court clearly indicated the civil division was not the correct court for the claim, and transferred the case based on state-law grounds.  Id.  Petitioner's claims in Grounds 3, 5, and 8 should be denied because they are issues of state law, and do not implicate any provision of the federal constitution.

In Ground 7, Petitioner asserts an error occurred in his dependency case dealing with the custody of his children.  Doc. 1 at 7–8.  Issues of family law are reserved to the power of the State.  See § 61.001–61.542, Fla. Stat.  Thus, the claim is one of state law, does not concern Petitioner's custody, and therefore, is not a cognizable claim in a

federal habeas proceeding. *See, e.g.,* 28 U.S.C. § 2244(a); <u>Carrizales v. Wainwright</u>, 699 F. 2d 1053, 1054-55 (11th Cir. 1983) (explaining habeas petition grounded on issues of state law provides no basis for habeas relief); <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982). Ground 7 should also be denied.

## **Grounds 4 and 6: Ineffective Assistance of Counsel**

In Petitioner's fourth and sixth grounds, he appears to assert claims of ineffective assistance of counsel (IAC). In Ground 4, he claims "his immediate release on 12-12-12 before Judge Johnson in courtroom 2-B. Conflict counsel stated to Judge Johnson Anthony is awaiting sentencing. To hinder Anthony release." Doc. 1 at 5. It appears Petitioner is claiming his counsel was ineffective for informing the judge the Petitioner had other charges against him, which hindered the judge from declaring Petitioner's immediate release. *Id.*

In Ground 6, Petitioner claims "[t]he verdict of grand theft auto were not animous (sic) verdict by all six jurors. Only juror 1 requested to be strike doing jury selection." Doc. 1 at 7. It thus appears Petitioner argues in his sixth ground for relief, trial counsel was ineffective for failing to object to a mistrial on all counts because there was a hung jury on the felony battery charge. Doc. 1 at 5. Petitioner asserts the hung jury for one count constitutes a mistrial as to all counts against him, including the guilty charge of grand theft auto. *Id.*

To succeed on a Sixth Amendment claim of ineffective assistance of counsel, defendant must show there is a "reasonable probability," which is a probability sufficient to undermine confidence in the outcome, that, but for counsel's unprofessional errors,

result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 694 (1984).  To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness."  Id. at 688.  To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

> Petitioner's attorney stated in a letter to Petitioner, dated June 20, 2013:
>
> Contrary to your apparent misunderstanding, the verdict form is signed by only one juror, the foreperson; this does not mean that the verdict is only the verdict of that one person… This is standard procedure. Please see Florida Rule of Criminal Procedure 3.440.  I assure you that the record in your case clearly demonstrates that the jury found you guilty of grand theft of a motor vehicle; the record also clearly demonstrates that the jury's determination on this count was unanimous, meaning that it was the agreement of all the jurors… However the jurors were unable to reach a unanimous verdict on the battery charge, which is why they did not return any verdict on that count… The fact that the jury did not reach a unanimous agreement on the battery charge does not mean there is a mistrial as to the other counts upon which the jury did reach a unanimous agreement; each count is considered separately by the jury and there is a separate verdict for each count.

Doc. 3 at 6–7.  Petitioner's counsel was diligent in informing him of the reasoning as to why there was no mistrial for his count of grand theft auto.  Id.  Petitioner's counsel stated a hung jury on one count has no effect on the counts rendered unanimously.  Id.  Petitioner's counsel also informed him the signature of only the foreperson does not mean it is the opinion of the one juror.  Id.  This procedure follows Florida Rule of Criminal Procedure 3.440, and the signature indicates the jury came to a unanimous

Case No. 4:14cv148-RH/CAS

agreement of guilt on that count.  Fla. R. Crim. P.  3.440.  Petitioner was unanimously found guilty of grand theft auto, even though only the signature of the foreperson appeared on the form.  Doc. 3 at 6–7.  Nothing indicates his counsel was ineffective for failing to move for a mistrial.

Petitioner did not exhaust the claims of ineffective assistance of counsel.  Even assuming the claims were exhausted, they lack merit.  Petitioner's claims in Grounds 4 and 6 should be denied.

## Conclusion

Based on the foregoing, Petitioner Antonio Anthony is not entitled to federal habeas relief.  The § 2254 petition for writ of federal habeas corpus (Doc. 1) should be denied.  Respondent's amended motion to dismiss (Doc. 17) should be denied as moot.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner Anthony's § 2254 petition (Doc. 1) and **DENY as moot** Respondent's amended motion to dismiss (Doc. 17) . It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Julie L. Jones as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on May 5, 2015.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**